WILLIAM R. TAMAYO, SBN 084965
DAVID F. OFFEN-BROWN, SBN 063321
DANA C. JOHNSON, SBN 187341
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5697
Fax No. (415) 625-5657
e-mail: dana.johnson@eeoc.gov

Attorneys for Plaintiff EEOC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) Case No. C 08-04374 SI ) |
| Plaintiff, | ) |
| vs. | ) **CONSENT DECREE** ) |
| Catholic Charities CYO, | ) ) |
| Defendant. | ) ) |

The United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") filed this action against Catholic Charities CYO ("Defendant") in order to enforce the Age Discrimination in Employment Act ("ADEA"). In the Complaint, the EEOC alleged that Defendant discriminatorily terminated Mr. Gilbert Brigham's ("Brigham's") employment as a case manager in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), because of his age, 71. Defendant denies these charges and any liability in connection therewith.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Defendant (collectively

1  WILLIAM R. TAMAYO, SBN 084965
2  DAVID F. OFFEN-BROWN, SBN 063321
3  DANA C. JOHNSON, SBN 187341
   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
4  San Francisco District Office
5  350 The Embarcadero, Suite 500
   San Francisco, CA 94105-1260
6  Telephone No. (415) 625-5697
7  Fax No. (415) 625-5657
   e-mail: dana.johnson@eeoc.gov
8
9  Attorneys for Plaintiff EEOC

10              UNITED STATES DISTRICT COURT
11          FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
13  Equal Employment Opportunity      )
    Commission,                       )
14                                    )    Case No.  C 08-04374 SI
                  Plaintiff,          )
15        vs.                         )    **DRAFT CONSENT DECREE**
                                      )
16  Catholic Charities CYO,           )
17                                    )
                  Defendant.          )
18  _____)
19

20        The United States Equal Employment Opportunity Commission ("EEOC" or
21  the "Commission") filed this action against Catholic Charities CYO ("Defendant")
22  in order to enforce the Age Discrimination in Employment Act ("ADEA").  In the
23  Complaint, the EEOC alleged that Defendant discriminatorily terminated Mr.
24  Gilbert Brigham's ("Brigham's") employment as a case manager in violation of
25  Section 4(a) of the ADEA, 29 U.S.C. § 623(a), because of his age, 71.  Defendant
26  denies these charges and any liability in connection therewith.
27        In the interest of resolving this matter, and as a result of having engaged in
28  comprehensive settlement negotiations, the EEOC and Defendant (collectively

                                        1

1   "Parties") have agreed that this action should be finally resolved by entry of this
2   Decree. The Parties enter into this Consent Decree by way of compromise of
3   Plaintiff's allegations only, and without admission of guilt or liability by any Party.
4   The Parties do not object to the jurisdiction of the Court over this action and waive
5   their rights to a jury trial and the entry of findings of fact and conclusions of law,
6   only to the extent specifically set forth herein. The parties agree that this Consent
7   Decree is fair, equitable, and reasonable, and does not violate the law or public
8   policy.

9          It is hereby **ORDERED, ADJUDGED AND DECREED:**

10      1.    This Decree resolves all claims of the Plaintiff against Defendant,
11   including claimed back pay, compensatory and punitive damages, interest, and
12   injunctive relief arising out of the issues in this lawsuit. Agreement to and entry of
13   this Decree is made expressly contingent and conditioned on execution by Brigham
14   of the release of claims, attached hereto as Exhibit A. It is expressly understood
15   by the Parties that this settlement and compromise, including entry of this Consent
16   Decree, represents a full and complete settlement and compromise of all claims
17   alleged in Plaintiff's Complaint. Furthermore, Gilbert Brigham shall not have a
18   right to reinstatement to employment by Defendant to his former position and
19   Defendant shall not be required to reinstate Brigham to his former or any position
20   in settlement of the above-captioned lawsuit. However, nothing in this Decree bars
21   Gilbert Brigham from applying for employment with Defendant in the future.

22      2.    This Decree in no way affects the EEOC's right to bring, process,
23   investigate or litigate other charges that may be in existence or later arise against
24   Defendant in accordance with standard EEOC procedure. Notwithstanding
25   Paragraphs 3 and 16, the EEOC will process any pending or subsequent charges of
26   age discrimination against Catholic Charities in accordance with its standard
27   procedures, and Defendant shall retain its usual rights, both substantive and
28   procedural, to defend against such charges as provided by the ADEA.

1                                 **INJUNCTION**

2     3.        Defendant and its officers, agents, employees, successors, assigns, and

3 all persons in active concert or participation with it, both at the time that this

4 Decree becomes effective and for the duration of this Decree, are enjoined from:

5 (a) unlawfully discriminating against any employee or prospective employee due

6 to his or her age; or (b) retaliating against any employee or former employee,

7 including but not limited to Mr. Brigham, because he or she: (i) opposes or

8 opposed alleged discriminatory practices made unlawful by the ADEA; (ii) files or

9 filed a charge of discrimination or assists, assisted, participates, or participated in

10 the filing of a charge of discrimination; or (iii) assists, assisted, participates or

11 participated in an investigation or proceeding brought under the federal laws

12 prohibiting discrimination or retaliation.

13                    **MONETARY PAYMENT**

14     4. Defendant shall pay the gross sum of $30,000.00 to Mr. Brigham by

15 settlement check no later than twenty days from the Court's entry of the Consent

16 Decree. The settlement check shall be made payable to Mr. Gilbert Brigham and

17 mailed to the address provided by the Commission. The payment to Mr. Brigham

18 represents settlement of claimed back pay in the amount of $20,000 and $10,000 in

19 interest. Defendant will pay to the proper tax authorities all of the employer's

20 share of payroll tax withholdings on the claimed back wages ($20,000) for the tax

21 year during which payment is made and said employer's share will not be deducted

22 from the amount to be paid Mr. Brigham. Defendant shall, however, deduct from

23 the payment to Mr. Brigham and remit to the proper tax authorities any employee

24 payroll tax withholdings owed on the backpay amount. No withholdings shall be

25 made on the interest amount. Defendant shall issue to Brigham a W-2 for the

26 backpay amount and a 1099 for the interest amount.

27

28

5.     Within three business days of the issuance of the settlement check, Defendant shall submit a copy of the settlement check and all related correspondence to Dana Johnson, Trial Attorney, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260.

## OTHER MEASURES

6.     Defendant shall institute, to the extent that they are not already in place, and carry out policies and practices that help assure a work environment free from age discrimination for its employees and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADEA.  To assist Defendant in its efforts to assure such a work environment, Defendant shall take the actions provided in paragraphs six through fifteen of this Decree.

## WRITTEN POLICIES

7.     Within one hundred twenty days (120) days of the entry of this Decree, Defendant shall develop written policies, or revise, if necessary, existing policies, concerning age discrimination to conform with the law.  The written policies must include at a minimum:

A.     Clear and complete definitions of age discrimination.

B.     A statement that discrimination on the basis of age is illegal, prohibited, and will not be tolerated.

C.     A clear and strong encouragement of persons who believe they have been discriminated against on the basis of age to come forward.

D.     The identification of specific individuals, internal and external to Defendant, with their telephone numbers, to whom employees can report discrimination on the basis of age.

E.     An assurance that Defendant will investigate allegations of age discrimination promptly, fairly, reasonably and effectively, using appropriate

4

1 investigators and that appropriate corrective action will be taken by Defendant to
2 make victims whole and to eradicate the unlawful conduct.

3     F.     A description of the consequences, up to and including
4 termination, which will be imposed upon violators of the policies proscribing age
5 discrimination.

6     G.     An assurance of maximum feasible confidentiality for persons
7 who believe that they have been subjected to unlawful discrimination based on age.

8     H.     An assurance of non-retaliation for persons and witnesses who
9 report to Defendant that they believe they have been subjected to unlawful
10 discrimination because of their age.

11     If revisions to existing policy are necessary to include the items set forth
12 herein, then the revised policy shall be distributed to all of Defendant's employees
13 within one hundred twenty days of the entry of this Decree. These policies also
14 shall be distributed to new employees when hired. These policies also shall be
15 posted in a prominent place at Defendant's job site.

16                    **TRAINING**

17     8.     Defendant shall provide equal employment opportunity training to all
18 managers, all human resources and benefits managers at Defendant's OMI Senior
19 Center located at 1948 Ocean Avenue, San Francisco, CA 94127, specifically on
20 the subjects of the prohibition of age discrimination, anti-retaliation, and other
21 forms of unlawful discrimination applicable to Defendant. Said training shall be
22 held once per year during the term of this Consent Decree, such year to be
23 measured from the entry of the Consent Decree in this matter, and shall be no less
24 than two hours duration per session. Said training will include discussion of an
25 employer's obligation not to discriminate on account of age and the employer's
26 policies prohibiting age discrimination and retaliation. Defendant agrees to
27 provide the name of the entity or person selected to do the training, a description of
28 the content of each training program, and a copy of any materials to be used during

5

the training to counsel for the EEOC no later than twenty (20) days before the training programs are scheduled to be held. If the Commission has not objected to the entity or person selected to conduct the training or the description of the content of the training or the training materials within ten (10) days of the above notice, such non-response shall be deemed an acknowledgment that the EEOC does not object to them. The EEOC agrees not to unreasonably object.

## DISCIPLINE

9. Defendant shall take immediate, appropriate corrective action to discipline employees, including managers, who engage in age discrimination, through consequences that include termination under appropriate circumstances.

## INVESTIGATION PROCEDURES

10. Defendant shall promptly and appropriately investigate all complaints of age discrimination.

11. The investigation shall include a finding of whether age discrimination occurred; a credibility assessment, if necessary; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation.

12. Defendant shall take immediate appropriate corrective action to discipline violators and to eradicate the discrimination. Defendant shall follow up on complainants at appropriate intervals to ensure that age discrimination does not recur.

## EVALUATION OF MANAGERS' PERFORMANCE

13. Defendant shall institute, if not already in place, a procedure that evaluates supervisors and managers on their performance in responding to any employee complaints of age discrimination.

14. The procedure shall include a provision that supervisors and managers will be disciplined for failing to enforce Defendant's policies to prevent and remedy age discrimination.

6

## REPORTING BY DEFENDANT

15. In addition to any other reporting requirements set forth herein, Defendant shall provide the following information in writing, confirmed by affidavit, to the Regional Attorney of the Commission's San Francisco District Office at the address set forth above beginning six (6) months from the date of the entry of this Decree and thereafter every six (6) months for the duration of the Decree:

A. Upon its completion, a copy of any new or revised policies created in accordance with the requirements of this Decree;

B. A confirmation that the policies required by this Decree were posted and distributed to each current and new employee, and the dates of posting and distribution.

C. The name, address, position, and telephone number of any individual working for Defendant at Defendant's OMI Senior Center located at 1948 Ocean Avenue, San Francisco, CA 94127, who has brought allegations of age discrimination, against Defendant or Defendant's personnel, formal or informal, including, but not limited to, management officials, vendors, agents, employees and/or customers, during the six months preceding the report. The nature of the complaint, the investigation by Defendant and the corrective action taken, if any, shall be specified;

D. The name, address, position, telephone number and date of birth of any individual terminated from Defendant's employment (in Brigham's position) during the six months preceding the report and the name and date of birth of the person who replaced the terminated employee, if any.

E. During the time that this Decree is in effect, the Commission, upon reasonable notice and agreement, shall have the right to enter and inspect Defendant's premises, work sites and records to ensure compliance with this Decree.

**PROCEDURES AND REMEDIES FOR NON-COMPLIANCE**

16.     In the event that the Commission believes that Defendant has failed to comply with any provision(s) of this Consent Decree, it shall notify Defendant in writing of the non-compliance by fax and by overnight mail to the counsel and the corporate officer who signed this Decree on Defendant's behalf, or to his or her successor, and afford Defendant twenty days after service of the notice to remedy the non-compliance.

17.     If Defendant has not remedied the alleged non-compliance in twenty (20) days after service of notice, the EEOC may petition this Court to enforce the terms of the Decree at any time during its duration.

**NOTIFICATION**

18.All notification pertaining to enforcement of this Decree should be sent by certified mail to:

On Behalf of Catholic Charities CYO:

Larry Jannuzzi, Esq.
Associate Legal Counsel
The Archdiocese of San Francisco
One Peter Yorke Way
San Francisco, CA 94l09-6602

On Behalf of Equal Employment
Opportunity Commission :

Regional Attorney,
Equal Employment Opportunity Commission
350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260

## DURATION

19.     This Court shall retain jurisdiction of this action for a period of 24 months after entry of the Decree.  This Decree shall expire by its own terms at the end of 24 months after entry of the Decree, without further action by the parties or the Court.  Upon expiration of the Decree, the suit shall be dismissed with prejudice without further action of either of the parties.

20.     The parties agree to the entry of this Decree subject to final approval by the Court.

DATED this          day of            , 2009

                                        _____
                                        Honorable Susan Illston
                                        United States District Judge

1   WILLIAM R. TAMAYO, SBN 084965
2   DAVID F. OFFEN-BROWN, SBN 063321
3   DANA C. JOHNSON, SBN 187341
    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
4   San Francisco District Office
5   350 The Embarcadero, Suite 500
    San Francisco, CA 94105-1260
6   Telephone No. (415) 625-5697
7   Fax No. (415) 625-5657
    e-mail: dana.johnson@eeoc.gov
8
9   Attorneys for Plaintiff EEOC

10               UNITED STATES DISTRICT COURT
11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13   Equal Employment Opportunity      )
    Commission,                    )
14                            )   Case No.  C 08-04374 SI
          Plaintiff,          )
15      vs.                     )   **DRAFT CONSENT DECREE**
                           )
16   Catholic Charities CYO,         )
                           )
17          Defendant.        )
18   _____)

19

20        The United States Equal Employment Opportunity Commission ("EEOC" or
21   the "Commission") filed this action against Catholic Charities CYO ("Defendant")
22   in order to enforce the Age Discrimination in Employment Act ("ADEA").  In the
23   Complaint, the EEOC alleged that Defendant discriminatorily terminated Mr.
24   Gilbert Brigham's ("Brigham's") employment as a case manager in violation of
25   Section 4(a) of the ADEA, 29 U.S.C. § 623(a), because of his age, 71.  Defendant
26   denies these charges and any liability in connection therewith.
27        In the interest of resolving this matter, and as a result of having engaged in
28   comprehensive settlement negotiations, the EEOC and Defendant (collectively

1  "Parties") have agreed that this action should be finally resolved by entry of this
2  Decree. The Parties enter into this Consent Decree by way of compromise of
3  Plaintiff's allegations only, and without admission of guilt or liability by any Party.
4  The Parties do not object to the jurisdiction of the Court over this action and waive
5  their rights to a jury trial and the entry of findings of fact and conclusions of law,
6  only to the extent specifically set forth herein. The parties agree that this Consent
7  Decree is fair, equitable, and reasonable, and does not violate the law or public
8  policy.

9         It is hereby **ORDERED, ADJUDGED AND DECREED:**

10     1.    This Decree resolves all claims of the Plaintiff against Defendant,
11  including claimed back pay, compensatory and punitive damages, interest, and
12  injunctive relief arising out of the issues in this lawsuit. Agreement to and entry of
13  this Decree is made expressly contingent and conditioned on execution by Brigham
14  of the release of claims, attached hereto as Exhibit A. It is expressly understood
15  by the Parties that this settlement and compromise, including entry of this Consent
16  Decree, represents a full and complete settlement and compromise of all claims
17  alleged in Plaintiff's Complaint. Furthermore, Gilbert Brigham shall not have a
18  right to reinstatement to employment by Defendant to his former position and
19  Defendant shall not be required to reinstate Brigham to his former or any position
20  in settlement of the above-captioned lawsuit. However, nothing in this Decree bars
21  Gilbert Brigham from applying for employment with Defendant in the future.

22     2.    This Decree in no way affects the EEOC's right to bring, process,
23  investigate or litigate other charges that may be in existence or later arise against
24  Defendant in accordance with standard EEOC procedure. Notwithstanding
25  Paragraphs 3 and 16, the EEOC will process any pending or subsequent charges of
26  age discrimination against Catholic Charities in accordance with its standard
27  procedures, and Defendant shall retain its usual rights, both substantive and
28  procedural, to defend against such charges as provided by the ADEA.

**INJUNCTION**

3.     Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from: (a) unlawfully discriminating against any employee or prospective employee due to his or her age; or (b) retaliating against any employee or former employee, including but not limited to Mr. Brigham, because he or she: (i) opposes or opposed alleged discriminatory practices made unlawful by the ADEA; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the federal laws prohibiting discrimination or retaliation.

**MONETARY PAYMENT**

4. Defendant shall pay the gross sum of $30,000.00 to Mr. Brigham by settlement check no later than twenty days from the Court's entry of the Consent Decree. The settlement check shall be made payable to Mr. Gilbert Brigham and mailed to the address provided by the Commission. The payment to Mr. Brigham represents settlement of claimed back pay in the amount of $20,000 and $10,000 in interest. Defendant will pay to the proper tax authorities all of the employer's share of payroll tax withholdings on the claimed back wages ($20,000) for the tax year during which payment is made and said employer's share will not be deducted from the amount to be paid Mr. Brigham. Defendant shall, however, deduct from the payment to Mr. Brigham and remit to the proper tax authorities any employee payroll tax withholdings owed on the backpay amount. No withholdings shall be made on the interest amount. Defendant shall issue to Brigham a W-2 for the backpay amount and a 1099 for the interest amount.

5. Within three business days of the issuance of the settlement check, Defendant shall submit a copy of the settlement check and all related correspondence to Dana Johnson, Trial Attorney, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260.

**OTHER MEASURES**

6. Defendant shall institute, to the extent that they are not already in place, and carry out policies and practices that help assure a work environment free from age discrimination for its employees and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADEA. To assist Defendant in its efforts to assure such a work environment, Defendant shall take the actions provided in paragraphs six through fifteen of this Decree.

**WRITTEN POLICIES**

7. Within one hundred twenty days (120) days of the entry of this Decree, Defendant shall develop written policies, or revise, if necessary, existing policies, concerning age discrimination to conform with the law. The written policies must include at a minimum:

    A. Clear and complete definitions of age discrimination.

    B. A statement that discrimination on the basis of age is illegal, prohibited, and will not be tolerated.

    C. A clear and strong encouragement of persons who believe they have been discriminated against on the basis of age to come forward.

    D. The identification of specific individuals, internal and external to Defendant, with their telephone numbers, to whom employees can report discrimination on the basis of age.

    E. An assurance that Defendant will investigate allegations of age discrimination promptly, fairly, reasonably and effectively, using appropriate

4

investigators and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct.

      F.    A description of the consequences, up to and including termination, which will be imposed upon violators of the policies proscribing age discrimination.

      G.    An assurance of maximum feasible confidentiality for persons who believe that they have been subjected to unlawful discrimination based on age.

      H.    An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to unlawful discrimination because of their age.

If revisions to existing policy are necessary to include the items set forth herein, then the revised policy shall be distributed to all of Defendant's employees within one hundred twenty days of the entry of this Decree. These policies also shall be distributed to new employees when hired. These policies also shall be posted in a prominent place at Defendant's job site.

## TRAINING

8.    Defendant shall provide equal employment opportunity training to all managers, all human resources and benefits managers at Defendant's OMI Senior Center located at 1948 Ocean Avenue, San Francisco, CA 94127, specifically on the subjects of the prohibition of age discrimination, anti-retaliation, and other forms of unlawful discrimination applicable to Defendant. Said training shall be held once per year during the term of this Consent Decree, such year to be measured from the entry of the Consent Decree in this matter, and shall be no less than two hours duration per session. Said training will include discussion of an employer's obligation not to discriminate on account of age and the employer's policies prohibiting age discrimination and retaliation. Defendant agrees to provide the name of the entity or person selected to do the training, a description of the content of each training program, and a copy of any materials to be used during

1   the training to counsel for the EEOC no later than twenty (20) days before the
2   training programs are scheduled to be held.  If the Commission has not objected to
3   the entity or person selected to conduct the training or the description of the
4   content of the training or the training materials within ten (10) days of the above
5   notice, such non-response shall be deemed an acknowledgment that the EEOC
6   does not object to them.  The EEOC agrees not to unreasonably object.

7                                          **DISCIPLINE**

8          9.      Defendant shall take immediate, appropriate corrective action to
9   discipline employees, including managers, who engage in age discrimination,
10  through consequences that include termination under appropriate circumstances.

11                          **INVESTIGATION PROCEDURES**

12         10.     Defendant shall promptly and appropriately investigate all complaints
13  of age discrimination.

14         11.     The investigation shall include a finding of whether age
15  discrimination occurred; a credibility assessment, if necessary; interviews of all
16  potential victims and witnesses identified; and concurrent notes of the
17  investigation.

18         12.     Defendant shall take immediate appropriate corrective action to
19  discipline violators and to eradicate the discrimination.   Defendant shall follow up
20  on complainants at appropriate intervals to ensure that age discrimination does not
21  recur.

22                  **EVALUATION OF MANAGERS' PERFORMANCE**

23         13.        Defendant shall institute, if not already in place, a procedure
24  that evaluates supervisors and managers on their performance in responding to any
25  employee complaints of age discrimination.

26         14.     The procedure shall include a provision that supervisors and managers
27  will be disciplined for failing to enforce Defendant's policies to prevent and
28  remedy age discrimination.

**REPORTING BY DEFENDANT**

15.    In addition to any other reporting requirements set forth herein, Defendant shall provide the following information in writing, confirmed by affidavit, to the Regional Attorney of the Commission's San Francisco District Office at the address set forth above beginning six (6) months from the date of the entry of this Decree and thereafter every six (6) months for the duration of the Decree:

A.    Upon its completion, a copy of any new or revised policies created in accordance with the requirements of this Decree;

B.    A confirmation that the policies required by this Decree were posted and distributed to each current and new employee, and the dates of posting and distribution.

C.    The name, address, position, and telephone number of any individual working for Defendant at Defendant's OMI Senior Center located at 1948 Ocean Avenue, San Francisco, CA 94127, who has brought allegations of age discrimination, against Defendant or Defendant's personnel, formal or informal, including, but not limited to, management officials, vendors, agents, employees and/or customers, during the six months preceding the report. The nature of the complaint, the investigation by Defendant and the corrective action taken, if any, shall be specified;

D.    The name, address, position, telephone number and date of birth of any individual terminated from Defendant's employment (in Brigham's position) during the six months preceding the report and the name and date of birth of the person who replaced the terminated employee, if any.

E.    During the time that this Decree is in effect, the Commission, upon reasonable notice and agreement, shall have the right to enter and inspect Defendant's premises, work sites and records to ensure compliance with this Decree.

7

## PROCEDURES AND REMEDIES FOR NON-COMPLIANCE

16.     In the event that the Commission believes that Defendant has failed to comply with any provision(s) of this Consent Decree, it shall notify Defendant in writing of the non-compliance by fax and by overnight mail to the counsel and the corporate officer who signed this Decree on Defendant's behalf, or to his or her successor, and afford Defendant twenty days after service of the notice to remedy the non-compliance.

17.     If Defendant has not remedied the alleged non-compliance in twenty (20) days after service of notice, the EEOC may petition this Court to enforce the terms of the Decree at any time during its duration.

## NOTIFICATION

18. All notification pertaining to enforcement of this Decree should be sent by certified mail to:

On Behalf of Catholic Charities CYO:

Larry Jannuzzi, Esq.
Associate Legal Counsel
The Archdiocese of San Francisco
One Peter Yorke Way
San Francisco, CA 94109-6602

On Behalf of Equal Employment
Opportunity Commission :

Regional Attorney,
Equal Employment Opportunity Commission
350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260

## DURATION

19.     This Court shall retain jurisdiction of this action for a period of 24 months after entry of the Decree.  This Decree shall expire by its own terms at the end of 24 months after entry of the Decree, without further action by the parties or the Court.  Upon expiration of the Decree, the suit shall be dismissed with prejudice without further action of either of the parties.

20.     The parties agree to the entry of this Decree subject to final approval by the Court.

DATED this ¹⁷ᵗʰ day of  June , 2009

_____
Honorable Susan Illston
United States District Judge

9

APPROVED AND CONSENTED TO:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

WILLIAM R. TAMAYO
Regional Attorney

DAVID F. OFFEN-BROWN
Supervisory Trial Attorney

On Behalf of Catholic Cha

WILLIAM R. TAMAYO
DAVID F. OFFEN-BROWN
DANA C. JOHNSON

*Jeffrey V. Bialik*
( Print Name of Represente

Attorneys for Plaintiff

Dated: 6/16/09

Dated: 5/26/2009

Approved as to form:

PAUL N. CESARI, ESQ.
JOSE A. MONTALVO

Attorneys for Defendant

10

# EXHIBIT A

### RELEASE OF CLAIMS

KNOW ALL PERSONS BY THESE PRESENTS:

1.    That the undersigned, Gilbert Brigham, being of lawful age, for sole consideration of Thirty Thousand and 00/100 Dollars ($30,000.00) less the amount of Mr. Brigham's employee taxes as delineated in the Consent Decree on page 3, paragraph 4, of which is to be paid to Gilbert Brigham, he does hereby and for his heirs, executors, administrators, successors and assigns, release, acquit and forever discharge Catholic Charities CYO (hereinafter referred to as the "Released Party") of any demands, rights, damages, costs, attorneys' fees, backpay, front pay, retirement benefits, expenses, interest, and compensation whatsoever arising from any or all of the claims alleged in Brigham's Charge of Discrimination filed with the EEOC against the Released Party; and/or any claims alleged in the EEOC's Complaint against the Released Party entitled Equal Employment Opportunity Commission vs. Catholic Charities CYO, Case No. C08-4374 SI (hereinafter referred to as "Complaint").

2.    It is understood and agreed that this settlement is the compromise of a disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releasee denies liability therefore and intend merely to avoid litigation and buy its peace.

3.    WHEREAS, the Released Party and Gilbert Brigham wish to settle and have agreed to settle and compromise the disputes and differences between them, with regard to the matters set forth in the Complaint.

    The undersigned, Gilbert Brigham, has read the foregoing Release, and attests that he fully understands and accepts its provisions in their entirety and without reservation.

    THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

    Executed at San Francisco, California, this _____ day of _____ 2009.


    _____
              GILBERT BRIGHAM